**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| James Zell Bishop, | : | |
| Petitioner/Defendant, | : | Civil Action No. 12-325-WS |
| v. | : | Criminal No. 7-185-WS-C |
| United States of America, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Pending before the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, is a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody" (Doc. 66), placed in the prison mailing system by the petitioner, James Zell Bishop, on May 7, 2012 and docketed by this Court on May 11, 2012. The United States has filed a motion to dismiss the petition, which will be treated as a response, pursuant to the Court's May 22, 2012 Order (Doc. 67). *See* 28 U.S.C. foll. § 2255, Rule 4(b).[1] And, for the reasons set forth herein, it is **RECOMMENDED** that the motion be **DENIED** as time-barred pursuant to 28 U.S.C. § 2255(f)(1).

**Discussion**

The petitioner, who pled guilty, presents a single ground for relief—the alleged ineffectiveness of his trial counsel during plea negotiations; specifically, his counsel's failure to inform him "prior to the acceptance of the plea of [a §] 851 enhancement

[1] Per the May 22, 2012 Order, the petitioner had until August 20, 2012 to submit any reply in support of his motion to vacate. None was submitted to this Court. Moreover, based on the application of the statute of limitations, as discussed in this report and recommendation, nothing the petitioner could have said on reply would have changed the outcome here. *Cf. Rogers v. Quarterman*, Civil Action No. 3:08–CV–0554–G (BH), 2009 WL 1952992, at *2 n.5 (N.D. Tex. July 7, 2009) (§ 2254) (order adopting report & recommendation) (noting that the court could decline to consider untimely filed reply and, regardless, "it does not change the ultimate recommendation").

notice and/or his exposure to such[,]" causing prejudice to him. (*See* Doc. 66 at 4.) He further contends that the basis for this claim was not available prior to the recent two United States Supreme Court decisions of *Missouri v. Frye*, ___ U.S. ____, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ____, 132 S. Ct. 1376 (2012). (*See id.*)

***1. This petition is time-barred pursuant to § 2255(f).***

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As to timeliness, the petitioner here states that his

> petition is being filed pursuant to 2255(f)(4) due to the fact that the petition is being filed within one year of the U.S. Supreme Court's decision in *Lafler v. Cooper*, which is the []date on upon [sic] which the facts supporting the issue could be discovered through the exercise of due diligence.

(Doc. 66 at 11) (citation omitted). While the petitioner asserts that § 2255(f)(4) controls, by invoking *Lafler*, it appears that, under the petitioner's theory, the proper provision to be considered is § 2255(f)(3). The Eleventh Circuit, however, has determined that neither *Lafler* nor *Frye* announces a newly recognized right that has also been "made retroactively applicable to cases on collateral review." § 2255(f)(3). Instead, in *Frye* and *Lafler*, "the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under [*Strickland*] extends to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. May 25, 2012) (per curiam).

> [And, although] the Supreme Court did not directly address whether its holdings announced new rules of constitutional law or applied retroactively[, the Eleventh Circuit is] persuaded[ ] that *Frye* and *Lafler* did not announce new rules. To begin, the Supreme Court's language in *Lafler* and *Frye* confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context. *See Frye*, 132 S. Ct. at 1409 (noting that its discussion involved an "application of *Strickland* to the instances of an uncommunicated, lapsed plea"); *Lafler*, 132 S. Ct. at 1384 (noting that "[t]he question for this Court is how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial"). The Court has long recognized that *Strickland*'s two-part standard applies to "ineffective assistance of counsel claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *see also Frye*, 132 S.Ct. at 1405 (recognizing that *Hill* "established" that *Strickland* applies to ineffectiveness claims in the plea bargaining context). The Court has also said that *Strickland* itself clearly establishes Supreme Court precedent for evaluating ineffective assistance of counsel claims under AEDPA. Because we cannot say that either *Lafler* or *Frye* "breaks new ground or imposes a new obligation on the State or Federal Government," they did not announce new rules. *Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion). Put another way, *Lafler* and *Frye* are not new rules because they were dictated by *Strickland*. *See id.* ("To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."). As a result, Perez's first claim does not meet the statutory criteria because Lafler and Frye did not announce new rules. *See* 28 U.S.C. § 2255(h)(2).[[2]]

[2] The limitations imposed by §§ 2255(h)(2) and 2255(f)(3) are obviously similar, but, as some courts have observed "[t]he interplay between these two sections appears to mean

*Id.* at 932-33 (internal citations modified and footnote omitted); *see also Hare v. United States*, ___ F.3d ____, 2012 WL 3156329, at *1 (7th Cir. Aug. 6, 2012) ("The *Frye* Court merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*[] . . . and established in the plea-bargaining context in *Hill v. Lockhart*[.]"); *United States v. Tew*, Nos. 7:08CR00053–003, 7:12CV80437, 2012 WL 2236662, at *2 (W.D. Va. June 15, 2012) (Neither *Lafler* nor *Frye* "triggers calculation of Tew's filing period under § 2255(f)(3)[ ]. The two Supreme Court decisions did not recognize any new rights for criminal defendants; these decisions merely applied the well-established rule in *Hill v. Lockhart*, 474 U.S. 52 (1985) that a claim of ineffective assistance regarding plea bargaining requires a showing that but for counsel's deficient representation at that stage of the proceedings, the outcome of the plea process would have been different."); *Perez*, 682 F.3d at 933-34 (observing that the fact the cases were decided in the post-conviction context eliminates any doubt that they announced new rules).

Therefore, the timeliness of the petition must be calculated under § 2255(f)(1) based upon the date on which his conviction became final. Ordinarily, a criminal conviction will become final upon conclusion of direct review. *See, e.g., Jackson v. Secretary for Dep't of Corrections*, 292 F.3d 1347, 1348 (11th Cir. 2002). Because the petitioner filed a writ of certiorari, which the United States Supreme Court denied on June 29, 2009, *see Bishop v. United States*, 129 S. Ct. 2883 (2009), the time for him to file a § 2255 petition was extended to June 29, 2010. *See, e.g., Nguyen v. United States*, 420 Fed.

---

that for defendants who seek to file a second or successive petition based upon a 'newly recognized right,' the right must have been newly recognized ***and*** made retroactively applicable by the Supreme Court within a year." *United States v. Cobb*, No. CR 3:04-171-CMC, 2008 WL 3166118, at *2 (D.S.C. Aug. 4, 2008) (emphasis in original); *see also Frederick v. United States*, No. 08-22143-CV, 2009 WL 2488965, at *9 n.13 (S.D. Fla. Aug. 12, 2009) (same). However, that distinction, or any other, is immaterial for purposes of the Court's present review.

App'x 875, 877 (11th Cir. Mar. 16, 2011) (per curiam) (noting that the petitioner's conviction became final on date the Supreme Court denied certiorari, giving him one year from that date to file a timely motion to vacate pursuant to § 2255(f)(1)). Since, here, the petitioner waited until May 7, 2012 to submit his motion to vacate (*see* Doc. 66 at 12), ***more than 22 months after the one-year limitation period expired,*** this Court cannot reach the merits of the his claims unless he is entitled to equitable tolling. *See Stewart v. United States*, No. 5:01-CR-00049 (CAR), 2009 WL 3418154, at *3 (M.D. Ga. Oct. 15, 2009) ("In the absence of due diligence, the statute of limitations began to run when Petitioner's conviction became final on May 13, 2003, pursuant to 28 U.S.C. § 2255(f)(1), measured by 90 days from February 12, 2003, when judgment was filed in the Court of Appeals. Thus, Petitioner had until May 13, 2004, to file any motions pursuant to 28 U.S.C. § 2255, whether initial or successive.") (citations omitted).

Regarding equitable tolling, the Supreme Court reiterated in *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549 (2010), that "a petitioner is entitled to [it] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2562 (citation and internal quotation marks omitted). Specifically, "[i]n the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The ***petitioner has the burden*** of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538

U.S. 947 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd*, 544 U.S. 295 (2005); *Diaz v. Secretary for the Dep't of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence .'").

In this case, the petitioner has not raised a tolling argument, and thus has not established that the instant habeas corpus petition was timely filed, nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *Johnson*, 340 F.3d at 1226; *Jones*, 304 F.3d at 1040; *see Johnson v. Fla. Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, 555 U.S. 851 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") (quoting *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004)). Accordingly, in the undersigned's opinion this is not one of those rare cases in which

principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Johnson*, 340 F.3d at 1226.

**2. *The petitioner is not entitled to a certificate of appealability.***

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). When, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as it is clear that any claim for relief made pursuant to § 2255 is time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the petitioner's motion for certificate of appealability on October 11, 2011 (*see* Doc. 14 in CA 11–0165–WS–C)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

**Conclusion**

Accordingly, the Magistrate Judge **RECOMMENDS** that this matter be dismissed as time-barred and **FURTHER RECOMMENDS** that the Court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 11th day of September, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).[1] The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] All Fifth Circuit Unit B decisions from any date are binding precedent in the Eleventh Circuit. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).